**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MERLY C.S. RIGER,

             Plaintiff - Appellant,

  and

FISHER LIVING TRUST,

             Intervenor-Plaintiff,

  v.

FIRST HORIZON HOME LOAN
CORPORATION; METLIFE HOME
LOANS, a division of Metlife Bank, N.A.;
QUALITY LOAN SERVICE CORP.;
FIRST NATIONAL BANK OF
NEVADA; WESTERN TITLE
COMPANY, INC.; HOMETOWN
MORTGAGE, LLC; U.S. BANK, N.A.;
CHICAGO TITLE AGENCY OF
NEVADA, INC., DBA United Title of
Nevada; NATIONAL DEFAULT
SERVICING CORPORATION;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
FIRST AMERICAN TITLE OF
NORTHERN NEVADA,

No. 11-17661

D.C. No. 3:10-cv-00233-RCJ-VPC

MEMORANDUM*

---

       *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted November 8, 2013[**]
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Plaintiff-Appellant Merly C.S. Riger, a homeowner whose home loans have fallen into default, appeals the district court's order dismissing her First Amended Complaint ("FAC") without leave to amend under Federal Rule of Civil Procedure 12(b)(6).  We affirm.

Plaintiff challenges the order of the Judicial Panel on Multidistrict Litigation ("JPML") transferring this case to the U.S. District Court for the District of Arizona ("MDL Court") and the MDL Court's order interpreting the JPML's order. We lack jurisdiction to review the JPML's order because Plaintiff has not sought a writ of mandamus.  28 U.S.C. § 1407(e); *see In re Wilson*, 451 F.3d 161, 168 (3d Cir. 2006).  Plaintiff waived her challenge to the MDL Court's order by not

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"specifically and distinctly" arguing it in her opening brief. *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

The district court properly dismissed Plaintiff's claim for unjust enrichment. Under Nevada law, unjust enrichment is not available when the parties had an express, written contract. *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Assuming that unjust enrichment is available when a contract is procured by fraud, even if Plaintiff's claim for unjust enrichment is read as challenging the validity of her loan contracts based on Defendants' fraud, Plaintiff did not plead fraud with the requisite particularity. *See* Fed. R. Civ. P. 9(b). The FAC does not identify the specific content of any individual misrepresentation, where or when it was made, or which defendant made it. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Because Plaintiff's claim for unjust enrichment fails, the district court also properly dismissed Plaintiff's requests for injunctive and declaratory relief, reformation, and quiet title. Moreover, Plaintiff does not challenge this ruling on appeal.

Although a district court should grant leave to amend liberally, *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002), here, the district court determined that Plaintiff's Proposed Second Amended Complaint sought to add claims similar

to those transferred to the MDL Court by the JPML.  The district court's decision to deny Plaintiff's motion for leave to amend maintained the division of claims between the MDL Court and transferor courts as established by the JPML.  The district court did not abuse its discretion in denying Plaintiff's motion.  If Plaintiff wishes to amend her complaint with respect to the claims pending before the MDL Court, her motion to amend should be made in that court.

**AFFIRMED.**